This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39607**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**PATRICK LORING,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**    This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant Patrick Loring appeals his conviction for battery upon a peace officer. He argues the evidence was insufficient to support his conviction because his conduct did not cause actual injury, pose an actual threat to the officer's safety, or constitute a meaningful challenge to the officer's authority. [BIC 1] Unpersuaded, we affirm.

**{3}** "In our determination of the sufficiency of the evidence, we are required to ensure that a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (emphasis, internal quotation marks, and citation omitted). On appeal, we view the evidence in the light most favorable to the State, and indulge all reasonable inferences in favor of the verdict. *See id.* We will "not weigh the evidence or substitute our judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict." *Id.* (alterations, internal quotation marks, and citation omitted).

**{4}** In the present case, evidence was presented that police responding to a call about a fight found Defendant appearing to be "under the influence of an unknown substance," and ultimately arrested him. [BIC 1-2] After being arrested, Defendant challenged police to a fight and spit in the face of one officer. [BIC 2] That officer testified that Defendant's spit "covered his whole face and uniform." [Id.]

**{5}** Defendant's sufficiency claim is premised on his interpretation of "meaningful challenge to authority," which Defendant asserts "requires actual interference with the officer's ability to carry out his or her duty[.]" [BIC 4] Our law does not require such a showing. Rather, this Court has specifically, and repeatedly, refused to "define the legal boundaries of a 'meaningful challenge' to authority." *State v. Jones*, 2000-NMCA-047, ¶ 14, 129 N.M. 165, 3 P.3d 142; *see also State v. Martinez*, 2002-NMCA-036, ¶ 38, 131 N.M. 746, 42 P.3d 851 (reiterating that "it is up to the jury to decide whether the act of spitting also constituted a meaningful challenge to authority"). We have explained that determining whether an act is a "meaningful challenge to authority" requires "knowledge of the context in which the battery arose," and that "this question is best left to juries to decide using their collective common sense and wisdom as a guide." *Jones*, 2000-NMCA-047, ¶ 14.

**{6}** Based on the evidence presented, we conclude that a jury could rationally determine Defendant's actions caused a meaningful challenge to the officer's authority. *See* UJI 14-2211 NMRA; *see also Jones*, 2000-NMCA-047, ¶¶ 15, 20 (noting that spitting on an officer could fall within the statute under either the safety prong or the authority prong and holding that "a reasonable jury could find that spitting . . . upon a peace officer comes within the purview of battery upon a peace officer").

**{7}** Turning to Defendant's unpreserved claim of instructional error, he contends that the jury should have been instructed that a "meaningful challenge to authority" required more than a mere affront to the officer's personal dignity. The instructions used at Defendant's trial were patterned after UJI 14-2211, the current instruction associated with the crime of battery upon a peace officer. We presume uniform jury instructions are "correct statements of law." *State v. Wilson*, 1994-NMSC-009, ¶ 5, 116 N.M. 793, 867

P.2d 1175. It is further well established that "definitional instructions are not required when the terms are used in their ordinary sense and no error is committed in refusing to instruct on a term or word with a common meaning." *State v. Gonzales*, 1991-NMSC-075, ¶ 30, 112 N.M. 544, 817 P.2d 1186. As explained, this Court has expressly left the meaning of the term "meaningful challenge to authority" to the jury's "collective common sense." *Jones*, 2000-NMCA-047, ¶ 14.

**{8}** Based on the foregoing, we affirm Defendant's conviction for battery upon a peace officer.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**